```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


_____
                                      )
ROBERT F. JEPSON,                     )   CIVIL ACTION
          Plaintiff,                  )   NO. 12-11226-WGY
                                      )
          v.                          )
                                      )
DEUTSCHE BANK NATIONAL TRUST          )
COMPANY, AS INDENTURE TRUSTEE FOR     )
AMERICAN HOME MORTGAGE INVESTMENT     )
TRUST 2005-2, MORTGAGE BACKED         )
NOTES, SERIES 2005-2,                 )
          Defendant,                  )
                                      )
MORTGAGE ELECTRONIC REGISTRATION      )
SYSTEM,                               )
          Defendant,                  )
                                      )
HOMEWARD RESIDENTIAL,                 )
          Defendant,                  )
_____)
```

ORDER

YOUNG, D.J.                                         September 20, 2012

Deutsche Bank correctly cited Bevilacqua v. Rodriguez in arguing that, in general, a mortgagor cannot have an adverse claim to a mortgagee because, "a mortgage, by its nature, implies the simultaneous existence of two separate but complementary claims to the property that do not survive the mortgage or each other."  460 Mass. 762, 775 (2011).  In Bevilacqua, the Massachusetts Supreme Judicial Court concluded that the plaintiff mortgagee had admitted that the mortgagor had a complementary claim, and therefore could not be adverse.  Id. at 776.  These

1

complementary claims, however, only "persist[] until either the mortgagee brings a proceeding to foreclose . . . or until the mortgagor redeems the property . . . ." Id.  For a mortgagee, foreclosure is "the means of terminating the mortgagor's interest in the mortgaged real estate." Id. at 775 (quoting Restatement (Third) of Property (Mortgages) c. 3 Introductory Note (1996)). Once the mortgagee exercises its right to foreclose, the claims are no longer complementary, and the parties may be adverse. Id.

Here, Deutsche Bank, as purported mortgagee, admits twice initiating foreclosure proceedings.  Def. Deutsch Bank's Mem. Law Supp. Motion Dismiss Pls.' Compl. ¶¶ 9, 18, ECF No. 3.  These foreclosure proceedings made Deutsche Bank and Jepson adverse parties, potentially extinguishing Jepson's equity of redemption, and overcoming the standing issue that led to dismissal in Bevilacqua.

Additionally, Jepson's try title claim alleges that Deutsche Bank is not in fact a valid mortgagee, presumably leaving MERS' undisclosed principal as the actual mortgagee.  Compl. ¶¶ 8, 9, 11, 13.  As a result, either Deutsche is an adverse claimant attempting to possess Jepson's land by wrongful foreclosure, or an adverse claimant by action of the foreclosure.

Assuming that Jepson's facts are true, see Bevilacqua, 460 Mass. at 764, MERS therefore cannot be an adverse claimant.  As MERS cannot foreclose itself, MERS' motion to dismiss is GRANTED.

ECF No. 19.  The Court DENIES the motions to dismiss of Deutsche Bank and Homeward Residential (formerly known as American Home Mortgage Servicing, Inc.).  ECF Nos. 2, 16.

    SO ORDERED.

                                      /s/ William G. Young  
                                      William G. Young  
                                      U.S. District Judge